| | |
|---|---|
| ROGER HILLYGUS,<br><br>                    Petitioner,<br>     v.<br>EGAN WALKER, *et al.*,<br><br>                    Respondents. | Case No. 3:19-cv-00644-MMD-CLB<br><br>ORDER |

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

Petitioner has submitted a purported *pro se* petition for writ of habeas corpus under 28 U.S.C. § 2241. (ECF No. 1-1.) The Court has reviewed the petition, and Petitioner does not state any claims for which federal habeas relief may be granted. Accordingly, the petition is dismissed.

This filing relates to an ongoing disagreement between Petitioner and his sister regarding the care of their mother. *See also* Hillygus v. Doherty, No. 3:18-CV-00212-MMD-WGC (D. Nev. Dec. 21, 2018), *appeal dismissed*, No. 19-15137 (9th Cir. June 27, 2019). Apparently, Petitioner's sister brought an action in Nevada state court that resulted in Petitioner being removed as trustee of his parents' trust. Their mother appears to be in an Alzheimer's care facility.

Petitioner seeks to bring this action against state-court judges, the trustee for his parents' trust, his mother's guardian, and his sister, among others. Petitioner claims that he has next friend standing to seek relief on behalf of his mother. *See Whitmore v. Arkansas*, 495 U.S. 149 (1990). Generally, a "next friend" must provide an adequate explanation as to why the real party in interest cannot appear on her own behalf, such as inaccessibility, mental incompetence, or other disability, and must truly be dedicated to the best interests of the person on whose behalf he seeks to litigate. *Id.* at 163. Courts

| | |
|---|---|
| 1 | have also suggested that the next friend must have some significant relationship with the |
| 2 | real party in interest. *Id.* at 163-164.   It is unclear here that Petitioner could demonstrate |
| 3 | that he meets next friend criteria. |
| 4 | Even setting aside Petitioner's lack of standing as next friend, the petition fails to |
| 5 | state a claim. Petitioner alleges that his mother is being held against her will and is |
| 6 | suffering physical and emotional injury in a private care facility. Thus, she is not in state or |
| 7 | federal custody. 28 U.S.C. §§ 2241, 2254; *see also Hensley v. Mun. Court*, 411 U.S. 345, |
| 8 | 351 (1973); *Jones v. Cunningham*, 371 U.S. 236, 375 (1963). As neither petitioner nor his |
| 9 | mother are "in custody," this petition does not state any claims for which federal habeas |
| 10 | relief may be granted. Finally, any potential claims that Petitioner may have regarding the |
| 11 | guardianship of his mother or the handling of the family trust are state-law matters. |
| 12 | It is therefore ordered that the petition (ECF No. 1) is dismissed for failure to state |
| 13 | a claim for which federal habeas relief may be granted. |
| 14 | It is further ordered that a certificate of appealability is denied, as jurists of reason |
| 15 | would not find the Court's dismissal of this improperly commenced action without prejudice |
| 16 | to be debatable or incorrect. |
| 17 | It is further ordered that the Clerk of the Court will enter judgment accordingly and |
| 18 | close this case. |
| 19 | DATED THIS 15th day of November 2019. |

_____
MIRANDA M. DU
CHIEF UNITED STATES DISTRICT JUDGE